STATE vs. ALEXANDER WEISS.

1. RECEIVING STOLEN GOODS—STATE HAS BURDEN OF SHOWING GOODS RE-
CEIVED WITH KNOWLEDGE OF THEFT.

In prosecution for receiving stolen goods the state has the burden of
showing: First, that the goods have been stolen; and, second, that defendant
bought them or received them knowing them to have been stolen.

2. RECEIVING STOLEN GOODS—EVIDENCE OF PRICE PAID FOR THE GOODS
ADMISSIBLE.

In prosecution for receiving stolen goods, evidence as to price paid by
defendant for the goods is admissible on issue of guilty knowledge.

3. CRIMINAL LAW—WEIGHT OF EVIDENCE FOR JURY.

Jurors are the sole judges of the weight and the value of the evidence.

(*September* 30, 1918.)

HEISEL, J., sitting.

*David J. Reinhardt* Atty.-Gen., and *P. Warren Green*, Dep.
Atty.-Gen., for State.

*James Saulsbury* for accused.

Court of General Sessions for New Castle County, September
Term, 1918.

INDICTMENT No. 143, September Term, 1918.

Alexander Weiss was indicted for receiving stolen goods. Ver-
dict guilty, with recommendation to mercy.

The State introduced evidence to show that the accused, on
May 10th, 1918, went to the loading platform of the Admas Ex-
press Company, in the City of Wilmington, and there bargained
with one M., a driver for said company, to steal and deliver to the
store of accused, in said City, a crate of live chickens, said to have
contained about twelve chickens, weighing from six to seven
pounds each, worth at least two dollars apiece, for which he agreed
to pay M. the sum of ten dollars; that M., on the same day, de-
livered the chickens and received the sum agreed upon.

The defense was that the accused went to the loading plat-
form for the double purpose of getting any chickens consigned to
him by his shippers, and to purchase from commission men at the
platform chickens consigned to them; that accused did not bar-
gain with M. to purchase chickens stolen by M., and that the crate

of chickens in question was delivered to the store of accused while he was absent on his delivery wagon, and were paid for by a woman employed in his store who did not know the man delivering them, and supposed they had been purchased by accused.

HEISEL, J., charged the jury in part:

In this case the defendant is charged with the violation of one of our statutes which provides that—

"Whoever shall buy, receive or conceal any money, goods or other thing being the subject of larceny, which shall have been stolen or taken by robbery knowing the same to have been stolen or taken by robbery, shall be deemed guilty," etc.

The defendant is charged in one count of the indictment with having bought a crate of chickens, and in another with having received them, and in another count with having concealed them. Any one of these counts is sufficient, if, in your judgment, there is sufficient proof to support any of them.

[1] It is necessary for the State to satisfy you, first, that the goods had been stolen, second, that this defendant bought them, or received them, or concealed them, knowing them to have been stolen. Those are the elements necessary to a conviction in this case.

[2, 3] It is proper for you to consider what was paid for the goods, as an element going to show knowledge on the part of the defendant, that is, if goods are bought below the price of such goods at that particular time, that might be an indication that something was wrong. Whether it is sufficient indication to satisfy you that the defendant knew they were stolen is for your determination, because you are the sole judges of the weight and value of the evidence.

Verdict, guilty, with recommendation to mercy.